THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC. d/b/a FIOS TV,<br><br>**Defendant.** | CIVIL ACTION NO. 7:21-cv-04322<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "Rothschild Broadcast Distribution Systems") files this complaint against Verizon Communication, Inc. d/b/a Fios TV ("Verizon") for infringement of U.S. Patent No. 8,856,221 (hereinafter the "`221 Patent") and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. On information and belief, Defendant is a Delaware corporation, with a place of business at 1095 Avenue of the Americas, New York, NY 10036. On information and belief, Defendant may be served through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4.	Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5.	On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.	Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the District.

7.	Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## BACKGROUND

8.	On October 7, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `221 Patent, entitled "System and Method for Storing Broadcast Content in a Cloud-Based Computing Environment" after the USPTO completed a full and fair examination. The '221 Patent is attached as Exhibit A.

9.	Rothschild Broadcast Distribution Systems is currently the owner of the `221 Patent.

10.	Rothschild Broadcast Distribution Systems possesses all rights of recovery under the `221 Patent, including the exclusive right to recover for past, present and future infringement.

11.	The `221 Patent contains thirteen claims including two independent claims (claims 1 and 7) and eleven dependent claims.

## COUNT ONE
## (Infringement of United States Patent No. 8,856,221)

12. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 11, the same as if set forth herein.

13. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

14. Defendant has knowledge of its infringement of the `221 Patent, at least as of the service of the present complaint.

15. The '221 Patent teaches a method and apparatus for media content storage and delivery. '221 Patent, Abstract. Among other things, the claimed system includes a server, which has a receiver in communication with a processor. *Id*. The receiver receives a request message. *Id*. The request message includes media data indicating requested media content and a consumer device identifier corresponding to a consumer device. *Id*. The processor determines whether the consumer device identifier corresponds to a registered consumer device. *Id*. If the processor determines that the consumer device identifier corresponds to the registered consumer device, then the processor determines whether the request message is one of a storage request message and a content request message. *Id*. If the request message is the storage request message, then the processor is further configured to determine whether the requested media content is available for storage. *Id*. If the request message is the content request message, then the processor initiates delivery of the requested media content to the consumer device. *Id*.

16. The present invention solves problems that existed with then-existing media delivery systems. One problem with prior delivery systems is that the customer was charged according to the expenses of the provider rather than the usage of the customer. '221 Patent, 1:31-57. Customers were not charged based on the amount of programming delivered or the amount or

duration of the customer's storage of media. *Id*. Another such problem, more generally, is that customers were not billed and services were not provided, in a way that was tailored to the customer's needs and usage. *Id*., 2:3-13.

17. A number of aspects of the invention(s) embodied in the '221 Patent overcome the problems with the prior art. For example, the inventive system includes a processor in communication with a receiver. *Id*., 2:23-34. The processor determines media content characteristics that correspond to the media content to be stored. *Id*. The processor determines a length of time to store the media content based on the media data and determines a cost amount based at least in part on the determined media content characteristics and length of time to store the media content. *Id*. As another example, the system makes a determination that media content is available for download. *Id*., 2:64-3:2. A determination is made that content is not stored. Download of the media content is initiated. Id. The media content is received and the received media content is stored. *Id*.

18. The '221 Patent is directed to computerized technologies to provide users with tailored media delivery systems and tailored billing for such systems. Among other things, the '221 Patent claims include sending and receiving of request messages indicating requested media content and including a device identifier corresponding to a consumer device. A determination is made whether the identifier corresponds to the device. A determination is also made as to whether the request is for delivery or storage. The media data in the request includes time data that indicates a length of time for storage. A processor is configured to determine whether requested media exists and whether there are any restrictions associated with delivery or storage of the requested media.

19. The system(s) and methods of the '221 Patent include software and hardware that do not operate in a conventional manner. For example, the software is tailored to provide functionality to perform recited steps and the processor is configured (and/or programmed) to provide functionality recited throughout the claims of the '221 Patent.

20. The '221 Patent solves problems with the art that are rooted in computer technology and that are associated with electronic transmission, loading, and storage of location information, as well as automatic provisioning of route guidance. The '221 Patent claims do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.

21. The improvements of the '221 Patent and the features recited in the claims in the '221 Patent provide improvements to conventional hardware and software systems and methods. The improvements render the claimed invention of the '221 Patent non-generic in view of conventional components.

22. The improvements of the '221 Patent and the features recitations in the claims of the '221 Patent are not those that would be well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention.

23. Accordingly, Defendant has infringed, and continues to infringe, the `221 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 7, of the '221 Patent by making, using, importing, selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

24. Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, the "Fios TV" media delivery platform, any associated

hardware, software and apps, as well as any similar products ("Product"), which infringe at least Claim 7 of the '221 Patent.

25.     The Product practices a method of storing (e.g., cloud storage) media content (e.g., conference recording) and delivering requested media content (streaming video, recorded videos, etc.) to a consumer device (e.g., mobile device with app or software). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.



Source: https://www.verizon.com/home/fios-tv-app/

Verizon Fios TV lets you watch TV from virtually anywhere with a Fios TV subscription.

With the app, you can:
- Choose from hundreds of live TV channels and stream thousands of On Demand movies and shows.

- Search for your favorite entertainment easily. Filter by genre, ratings, favorite channels and more.

- View your personal library of DVR recordings, On Demand purchases, downloads, bookmarks and more. Get recommendations for shows and movies you'll love.

- Download content to watch offline or stream data-free as a Verizon Wireless Customer.

- Control your TV through the app to play content, manage your DVR, watch recordings and more.

Source: https://play.google.com/store/apps/details?id=com.verizon.fios.tv&hl=en&gl=US

**Personalized**

Easy access to your personal DVR recordings, On Demand purchases, downloads, bookmarks and more. Get recommendations for shows and movies you'll love.

Source: https://www.verizon.com/home/fios-tv-app/



Find thousands of On Demand movies and shows.

Source: https://play.google.com/store/apps/details?id=com.verizon.fios.tv&hl=en&gl=US



Source: https://play.google.com/store/apps/details?id=com.verizon.fios.tv&hl=en&gl=US

26.     The Product necessarily includes a receiver configured to receive a request message including data indicating requested media content (e.g., the Product must have infrastructure to receive a request to store recorded media content or to stream recorded media content on a smartphone; additionally, the request message must contain data that identifies the content to be stored or streamed) and a consumer device identifier corresponding to a consumer device (e.g., the user credentials are used to access the contents of the Product). Certain aspects of these elements

are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.



Source: https://www.verizon.com/home/fios-tv-app/



Source: https://www.verizon.com/home/fios-tv-app/

Source: https://www.verizon.com/support/residential/tv/mobile/tv-everywhere

Source: https://secure.verizon.com/vzauth/UI/Login?goto=https://www.verizon.com/consumer/myverizon/router?Target=https%3A%2F%2Fwww.verizon.com%2Fsupport%2Fresidential%2Ftv%2Fmobile%2Ftv-everywhere

27. The Product necessarily determines whether the consumer device identifier corresponds to the registered consumer device (e.g., a user must be a registered user to access the Product's services). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.



Source:
https://secure.verizon.com/vzauth/UI/Login?goto=https://www.verizon.com/consumer/myverizon/router?Target=https%3A%2F%2Fwww.verizon.com%2Fsupport%2Fresidential%2Ftv%2Fmobile%2Ftv-everywhere

**Watch Fios TV online**

To watch Fios online, sign into **Watch Fios** and choose a program to watch.

Source: https://www.verizon.com/support/residential/tv/mobile/tv-everywhere

28. The Product provides for both media downloads and/or storage, and media streaming. After a successful login, the Product necessarily determines whether the request received from a customer is a request for storage (e.g., recording or storing content) or content (e.g., streaming of media content). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

**Personalized**

Easy access to your personal DVR recordings, On Demand purchases, downloads, bookmarks and more. Get recommendations for shows and movies you'll love.

Source: https://www.verizon.com/home/fios-tv-app/

With Verizon Fios TV you can:
- View content on eligible devices (tablets, smartphones, and PCs, etc.) anytime and anywhere you can find an internet connection
- Watch select shows, live TV, movies and original series on demand
- Access premium channels included with your Fios TV subscription
- Create sub-accounts for other members of your household

Source: https://www.verizon.com/support/residential/tv/mobile/tv-everywhere



**Fios TV app. Stream live TV, movies and more.**

It's included with your Fios TV subscription.

Source: https://www.verizon.com/home/fios-tv-app/



Source: https://play.google.com/store/apps/details?id=com.verizon.fios.tv&hl=en&gl=US



Source: https://play.google.com/store/apps/details?id=com.verizon.fios.tv&hl=en&gl=US



Source: https://play.google.com/store/apps/details?id=com.verizon.fios.tv&hl=en&gl=US

29. The Product verifies that media content identified in the media data of the storage request message (e.g., request to record content) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage. The Product must verify that the media content (e.g. specific recording) identified in the media data of the storage request message is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage (e.g., the product must verify a user's ability to store media content is limited to a certain amount of time). If any media content is streamed using a third party platform then it will be automatically stored in that particular platform.

Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.



30. If a customer requests content (e.g., live streaming of media content), then a processor within the Product necessarily initiates delivery of the content to the customer's device. The Product will initiate delivery of the requested media content to the consumer device (e.g., stream media content feed to a smartphone or tablet etc.) if the request message is a content request message (e.g., request for live streaming). Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.



Source: https://play.google.com/store/apps/details?id=com.verizon.fios.tv&hl=en&gl=US



Source: https://play.google.com/store/apps/details?id=com.verizon.fios.tv&hl=en&gl=US

31.     The media data includes date and time information to identify conference start and stop times, as well as meeting length.  Time data may also indicate a length of time to store the requested media content (e.g. a user is allowed to store media content for a retention period configured by the user per their subscription level). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

> **What is the difference between purchase and rent?**
> **Answer:**
> **Purchase**: You pay once and then can access the title an unlimited number of times over an indefinite period of time, free from any problems common with hard DVD (i.e. scratches, dirt and smudges) that effect quality.
>
> **Rental**: You rent videos and can then access the title and start playback within the 30 days. Once you download the title to your computer/portable device, or press play on the "On Demand" section on your TV, you have 24-48 hours (depending upon the title) to finish watching it. The ability to download the rented video is disabled either after 30 days or 24-48 hours after the first playback, whichever occurs first. Videos already downloaded cease to play after the rental period has expired.

Source: https://www.verizon.com/fiostv/web/Content/Videos/FVFAQs.pdf

| Plan | Price | Channels | Learn more |
|---|---|---|---|
| Fios TV Test Drive | $56.00/mo.* | 425+ | View Plan |
| Your Fios TV | $56.00/mo.* | 125+ | View Plan |
| More Fios TV | $76.00/mo.** | 300+ | View Plan |
| Fios TV Mundo | $76.00/mo.** | 210+ | View Plan |
| The Most Fios TV | $96.00/mo.** | 425+ | View Plan |
| Fios TV Mundo Total | $96.00/mo.** | 215+ | View Plan |

Source: https://www.reviews.org/tv-service/verizon-fios-tv-review/#Verizon_Fios_DVR

32. The Product must first determine whether the requested media content exists prior to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g., the product must verify that a particular requested data is stored in the cloud). Also, a user can view the history of media content and the processor can identify the existence of that particular media content. Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

33. After the processor determines whether the requested media content is available, it determines whether there are restrictions associated with the requested media content (e.g., user access

restrictions, etc.). Certain aspects of these elements are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

34. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

35. Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

36. The `221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

37. A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

38. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the `221 Patent, pursuant to 35 U.S.C. § 271.

39. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `221 Patent, without license or authorization.

40. As a result of Defendant's infringement of the `221 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

41. Plaintiff is in compliance with 35 U.S.C. § 287.

42. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the `221 Patent up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

43. Rothschild Broadcast Distribution Systems, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: May 13, 2021                             Respectfully submitted,

/s/ Jay Johnson
**JAY JOHNSON**
State Bar No. 24067322
**KIZZIA JOHNSON, PLLC**
1910 Pacific Avenue, Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kpcllc.com

**ATTORNEYS FOR PLAINTIFF**